UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00676-SRC |
| | ) | |
| MAYWOOD CESAR CHAVEZ LIBRARY, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum and Order**

Cedric Greene (a California resident) sues the Maywood Cesar Chavez Library (a California library) for denying him entry in August 2024, and moves to proceed *in forma pauperis*. Based on Greene's baseless filings in this Court and other courts around the country, the Court denies Greene's motion.

**I.      Background**

Since March 5, 2025, Greene has filed at least 20 cases pro se and *in forma pauperis* in this Court. *See* Memorandum and Order at 1–2, *Greene v. First to Serve, Inc.*, No. 4:25-cv-00586-CDP (E.D. Mo. May 2, 2025), doc. 3 (listing cases) (The Court cites to page numbers as assigned by CM/ECF.). To date, the judges of this Court have dismissed these cases preserve for reasons including improper venue, want of jurisdiction, and a finding of maliciousness. *See id.*

Other federal courts have found that Greene abused their process. In 2016, the Supreme Court of the United States found that Greene had "repeatedly abused" its process, and the Supreme Court directed its clerk to refuse to accept future *in forma pauperis* petitions from him in noncriminal matters. *See In re Greene*, 578 U.S. 974 (2016). In 2024, the United States Court

of Federal Claims determined that "Greene's abuse of the judicial system precludes him from proceeding IFP in this court." *Greene v. U.S.*, 169 Fed. Cl. 334, 338 (2024).

In *Greene v. Sprint Nextel Corp.*, the United States Court of Appeals for the Tenth Circuit noted filing restrictions imposed on Greene in the Ninth and Tenth Circuit courts, as well as federal district courts in Kansas, Utah, California, and Nevada. 750 F. App'x 661, 666 & n.3 (10th Cir. 2018). The United States District Court for the Central District of California, where the Maywood Cesar Chavez Library is located, has deemed Greene a vexatious litigant. *See* Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge at 2, *Greene v. Men's Central Jail*, No. 2:11-cv-02359-UA-SS (C.D. Cal. May 10, 2011), doc. 15. This Court takes judicial notice of these records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

In this case, Greene provides a California address for himself and states that the Library is located in Maywood, California. Doc. 1 at 2. Greene's allegations are confusing, but he states that he seeks monetary relief because the Library denied him entry in August 2024 "due to his rolling cart." Doc. 1 at 5. He indicates that he unsuccessfully sought relief in the City of Maywood and received a "rejection letter" from the "County of Los Angeles Office of County Counsel." *Id.* He indicates that he brought this action in this Court to recover damages after being denied relief in California. *Id.* at 5–6.

## II.    Discussion

Under 28 U.S.C. § 1915(a)(1) the Court "may" allow a plaintiff to commence a lawsuit "without prepayment of fees or security therefor" if the person submits certain financial information. "[T]he decision whether to grant or deny *in forma pauperis* status is within the

sound discretion of the trial court." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (emphasis added).  "An *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (emphasis added).  "To discourage the filing of baseless litigation and conserve judicial resources, this Court has a duty to deny *in forma pauperis* status to those who have abused the judicial system." *Greene v. Housing Auth. of the City of Los Angeles*, No. 4:25-CV-00683 HEA, 2025 WL 1392575 (E.D. Mo. May 13, 2025) (emphasis added) (first citing *In re Sindram*, 498 U.S. 177, 180 (1991); and then citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  Here, based on Greene's track record of repeatedly filing baseless lawsuits around the country as described above, the Court denies Greene's Application to Proceed in District Court without Prepaying Fees or Costs, doc. 2.  The Court orders Greene to, no later than August 7, 2025, pay the entire filing fee of $405.

## III.   Conclusion

Accordingly, the Court denies Greene's [2] Application to Proceed in District Court without Prepaying Fees or Costs.  The Court orders Greene to pay the $405 filing fee, in full, no later than August 7, 2025.  If Greene fails to pay the entire filing fee by August 7, 2025, the Court will dismiss this action without prejudice and without further notice.

So ordered this 23rd day of June 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE