UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-00676-SRC |
| ) | |
| MAYWOOD CESAR CHAVEZ ) | |
| LIBRARY, ) | |
| ) | |
| Defendant. ) | |

**Memorandum and Order**

Cedric Greene has not complied with the Court's June 23, 2025 order by his August 7, 2025 deadline.  Doc 4.  And Greene's motion and letter, docs. 5 and 6, demonstrate no basis for relief from that order.  The Court therefore denies the motion and dismisses this case without prejudice.

**I.     Background**

Greene (a California resident) sued the Maywood Cesar Chavez Library (a California library) for denying him entry onto the library's premises on August 3, 2024.  Doc. 1.  Greene then filed an application for leave to proceed *in forma pauperis*.  Doc 2.  On June 23, 2025—after noting Greene's baseless filings in this Court and other courts across the country—the Court denied Greene's application and ordered him to pay the Court's filing fee by August 7, 2025, or face dismissal of this case.  Doc. 4.  To date, Greene has neither complied with that order nor sought additional time to do so.

On July 2, 2025, Greene filed a motion titled "Motion for Clarification and Amendments."  Doc. 5.  Five days later, he filed a letter addressed to the "Eastern District of Missouri."  Doc. 6.  This Court's Local Rules do not authorize Greene to use letters to

communicate with the Court about pending cases, *see* E.D.Mo. L.R. 4.04(A), but the Court has reviewed and considered his letter.

In Greene's motion, he references the June 23, 2025 order and states he seeks "a reconsideration to the denial of Greene's poverty status." Doc. 5 at 3 (The Court cites to page numbers as assigned by CM/ECF.). Greene then sets forth confusing statements about misdirecting his original claim to the City of Maywood, receiving an unsatisfactory response from Los Angeles County, and receiving support from Los Angeles County sheriff's deputies. *Id.* He sets forth similar statements in his letter. Doc. 6. Neither document asserts mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. *See* Fed. R. Civ. P. 60(b). And neither document clearly challenges the basis for the Court's denial of Greene's application to proceed IFP or directly addresses the reasoning outlined in the Court's June 23, 2025 order. Greene indicates no intent to comply with the Court's order.

**II.    Discussion**

A district court "may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court." *Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) (citations omitted); *see also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986). Here, Greene has not complied with the Court's June 23, 2025 order or expressed an intent to do so. He did file a motion and a letter in which he can be understood to ask the Court to grant him relief from the order. This Court could grant such relief for certain enumerated reasons or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). But Greene has not shown entitlement to relief based on any of the reasons set forth in Rule 60(b) or for any

2

other reason. The Court therefore denies Greene's motion, doc. 5, and based on his failure to comply with the Court's June 23, 2025 order, dismisses this action without prejudice.

### III.  Conclusion

Accordingly, the Court denies Greene's [5] Motion for Clarification and Amendments and dismisses this action without prejudice. A separate order of dismissal accompanies this Memorandum and Order.

So ordered this 25th day of August 2025.

_SL R. CR_
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE